UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

   v.                                            Case No. 21-CR-223 (BHL) (SCD)

SEALED DEFENDANT,
SEALED DEFENDANT,
VICTOR COBIAN,
RICHARD MOSQUEDA,
CRISTINA COLE,
MICHAEL PRESTON,
DEJAN ZORIC, and
SEALED DEFENDANT,

          Defendants.

## PROTECTIVE ORDER REGULATING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Upon the motion of the United States of America pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Court finds that good cause has been established to enter a Protective Order regulating the use, dissemination, and disposition of information that may be disclosed during the proceedings in this case.

**IT IS ORDERED THAT**:

(1) All of the materials provided by the United States in preparation for or in connection with any stage of the proceedings in this case (collectively, "discovery materials") are subject to this Protective Order.

1

## PROVISIONS REGULATING ALL DISCOVERY MATERIALS

(2) The discovery materials may be used by the defendant and defendant's attorney ("defense counsel"), defined as counsel of record in this case or successor counsel, solely in connection with the defense of this case. Defendant and defense counsel shall only use the discovery materials to prepare a defense in this case, including investigation, pretrial proceedings, plea negotiations, trial preparation, trial, sentencing, post-conviction motions, and appeal. The discovery materials shall not be used for any other purpose or in connection with any other proceeding without further order of this Court.

(3) The discovery materials will be made available to defense counsel. Defense counsel will be provided with one copy of the discovery materials. The United States may redact anything that is not exculpatory and that the United States reasonably believes is not relevant to the prosecution, or would jeopardize the safety of a person other than the defendant, or would jeopardize an ongoing criminal investigation. As additional materials become available, defense counsel will be notified by the United States, and one copy of the additional discovery materials will be provided to defense counsel. If and when disclosure of a witness's identity is appropriate, the United States will notify defense counsel accordingly.

(4) Defense counsel may make copies of the discovery materials as necessary to prepare a defense in this case. Defendant and defense counsel shall not disclose the discovery materials or their contents, directly or indirectly, to any person or entity other than persons employed to assist the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons") and may only disclose the discovery materials as needed to prepare a defense

in this case, including any direct appeal. Copies of a statement or statements of a particular witness produced in discovery may be relinquished to licensed investigators employed by defense counsel for limited periods of time as necessary to facilitate an investigation interview with that witness. Potential witnesses and their counsel may be shown copies of the discovery materials as necessary to prepare a defense in this case, but may not retain copies without prior permission of the Court.

(5) Discovery materials shall not be attached to any public filing and instead shall be filed under seal, unless consent to filing in the public record is given in writing by an attorney for the United States. The identities of confidential informants and cooperating witnesses shall not be disclosed in any public filing.

(6) Prior to disclosing any discovery materials to an authorized person, defense counsel shall inform such authorized person of the limitations contained in this Protective Order, require such authorized person to sign the acknowledgement of the Protective Order (appended below), and maintain such signed acknowledgement in defense counsel's file.

(7) The United States shall make arrangements with any and all institutions where the defendants are detained so that one copy of the discovery materials can be maintained at each institution for inspection by the defendants. Defendants are prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to his or her cellblock.

## PROVISIONS REGULATING CONFIDENTIAL DISCOVERY MATERIALS

(8) Certain discovery materials contain sensitive or private information of defendants, targets, subjects, witnesses, and third-parties or are otherwise non-discoverable but disclosed in accordance with Criminal Local Rule 16(a)(2) (collectively, "confidential discovery materials").

Prior to disclosure, such discovery materials shall be plainly marked "CONFIDENTIAL" by the United States on the material itself, in an accompanying cover letter, on a disc cover or label, or by any other reasonable means.

    a. All confidential discovery materials, including necessary copies thereof, shall remain in the custody and control of defense counsel at all times. Confidential discovery materials may be reviewed by the defendant, persons employed to assist the defense, or the person to whom the confidential information solely and directly pertains, only in the presence of the defense counsel. The confidential discovery materials and the information contained therein shall not be disclosed to any person other than the defendant, persons employed to assist the defense, or the person to whom the confidential information solely and directly pertains. Confidential discovery materials and any copies thereof may not be released to any person, including the defendant and persons employed to assist in the defense, without prior notice to the United States and authorization from the Court.

    b. All confidential discovery materials, including necessary copies thereof, must either be returned to the United States at the conclusion of the case (which includes time for appeal and resolution of a timely petition pursuant to 28 U.S.C. § 2255) or defense counsel shall maintain such confidential discovery materials, including necessary copies thereof, in defense counsel's file until such time as defense counsel's file is destroyed and cause such confidential discovery materials to be destroyed. At all times when such material is maintained by defense counsel, defense counsel's handling of such material continues to be governed by this Order.

The restrictions in this Protective Order shall remain in effect until further order of the Court or by written agreement of the parties. Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

**SO ORDERED** this 5th day of April 2022 at Milwaukee, Wisconsin.

_____
HONORABLE STEPHEN C. DRIES
United States Magistrate Judge

# ACKNOWLEDGMENT OF PROTECTIVE ORDER
# IN *UNITED STATES v. COBIAN*, ET AL., CASE NO. 21-CR-223

The undersigned hereby acknowledges that he/she has received a copy of the Protective Order issued in *United States v. Cobian*, et al., Case No. 21-CR-223, and has read, understands, and agrees to the terms of the Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for the purposes of enforcement of the terms of the Protective Order and the punishment of any violations thereof.

DATED: _____

_____
Signature

_____
Name

_____
Street Address

_____
City, State, and Zip Code

_____
Telephone Number

_____
Email Address